UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jason McFadden, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>Radegast Hall LLC, and Ivan Kohut, in his individual and corporate capacity,<br><br>Defendants. | No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS AND COLLECTIVE ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff Jason McFadden ("Plaintiff" or "Mr. McFadden"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through his attorneys, The Ottinger Firm, P.C., as and for their Complaint in this action against Defendant Radegast Hall LLC (the "Company" or "Radegast Hall") and Defendant Ivan Kohut ("Mr. Kohut") (collectively, "Defendants"), alleges upon personal knowledge and upon information and belief the following matters:

**NATURE OF THE CLAIMS**

1.  Plaintiffs, current and/or former hourly/non-exempt employees of Defendants, bring this action on their own behalf and on behalf of the proposed collective and Rule 23 classes identified below, against Defendants for violations of: (1) the overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) the overtime requirements under New York Labor Law ("Labor Law" or "NYLL"), §§ 650 *et seq.*; (3) the spread of hours and split-shift requirement under New York State Regulation 12 NYCRR § 142-2.4

1

("NYCRR"); (4) the wage statement and notice requirements of NYLL § 195; and (5) any other claim(s) that can be fairly inferred from the facts set forth herein.

2. Plaintiff seeks to represent a class made up of all persons who are or have been employed by Defendants as hourly/non-exempt employees in New York State during the applicable statute of limitations period under both the FLSA and NYLL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise these claims primarily occurred in this District.

5. Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## THE PARTIES

6. Plaintiff Jason McFadden resides in Queens, New York. Mr. McFadden was employed by Defendants from around April 2013 through May 8, 2017. At all relevant times, Plaintiff Jason McFadden was an "employee" within the meaning of the FLSA and NYLL.

7. Radegast Hall is an LLC formed and existing under the laws of the State of New York, with its principal place of business located at 113 N 3rd St, Brooklyn, NY 11211. At all relevant times, Radegast Hall was an "employer" within the meaning of the FLSA and NYLL.

8. Defendant Mr. Kohut resides in Kings County, New York. Upon information and belief, at all relevant times is and has been the owner of Radegast Hall, was in active control and

management of the Company, and regulated the employment of persons employed by the Company, including Plaintiffs.  At all relevant times, Mr. Kohut was an "employer" within the meaning of the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

9. Plaintiffs bring this action on behalf of themselves and other employees similarly situated, as authorized under 29 U.S.C. § 216(b).  The employees similarly-situated are:

> **FLSA Collective Action:** All persons who are or have been hourly/non-exempt employees of Defendants at any location operated by Defendants in the State of New York from three (3) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendants' unlawful practice of (i) failing to pay applicable overtime premiums for all hours worked in excess of 40 hours per workweek.

10. Defendants employed Plaintiff Jason McFadden and the members of the FLSA Collective Action during the time period relevant to the FLSA Collective Action, and classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

11. Defendants each meet the definition of an "employer" under the FLSA. By way of examples only, Defendants control how much the FLSA Collective Action members are paid, maintain all-time records for the FLSA Collective Action members, assign and supervise all of the tasks given to the FLSA Collective Action members, and maintain and exercise control as to how the FLSA Collective Action members are to perform their tasks.

12. Each of the FLSA Collective Action members are or were non-exempt employees entitled to overtime compensation for all hours worked in excess of 40 hours per workweek.

13. However, at all times during the FLSA Collective Action period, Defendants failed to pay the Collective Action members overtime premiums for all hours worked in excess of 40 per workweek.

14. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Action members.

15. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective Action members and, as such, notice should be sent to the FLSA Collective Action members.

16. There are, upon information and belief, more than 40 similarly situated current and former employees of Defendants who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

17. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **New York Class:** All persons who are or have been hourly/non-exempt employees of Defendants at any location operated by Defendants in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action and who were subject to Defendants' unlawful practice of (i) failing to pay applicable overtime premiums for all hours worked in excess of 40 hours per workweek; (ii) failing to pay applicable spread of hours or split shift compensation as required by NYCRR § 142-2.4; and (iii) failing to furnish wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

18. At all times during the time period relevant to the New York Class, Defendants, as a matter of policy, (i) did not pay Plaintiffs or the New York Class any wages or the applicable overtime premium pay rate for all hours worked in excess of 40 per workweek; (ii) did not pay Plaintiffs or the New York Class spread of hours or split shift compensation; and (iii) failed to furnish correct and accurate wage statements required by the NYLL.

19. The facts as alleged in Paragraphs 11-16 with respect to the FLSA Collective Action are similarly true for the New York Class during the time period relevant to the New York Class.

20. Defendants failed to make, keep, and/or preserve accurate records with respect to Plaintiffs and the New York Class and failed to furnish to Plaintiffs and the New York Class correct and accurate wage statements, in violation of the NYLL and supporting New York State Department of Labor regulations.

21. Numerosity: The proposed New York Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, Defendants employed in excess of 40 people who fall within the New York Class and thus satisfy the numerosity definition of the proposed New York Class.

22. Typicality: Plaintiffs' claims are typical of the members of the proposed New York Class.  During the New York Class period, Defendants subjected Plaintiffs and the members of the New York Class to same policy and practice of failing to pay them overtime compensation required by the NYLL.

23. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

24. Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL class and collective action litigation.

25. Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

      a.      Whether Defendants violated the NYLL as alleged herein;

      b.      Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

      c.      Whether Defendants unlawfully failed to pay spread of hours or split shift compensation to members of the New York Class in violation of NYLL;

      d.      Whether Defendants employed Plaintiffs and the New York Class within the meaning of New York law;

      e.      Whether Defendants failed to furnish to Plaintiffs and the New York Class correct and accurate wage statements, in violation of the NYLL and supporting New York State Department of Labor regulations;

      f.      Whether Defendants failed to make, keep, and/or preserve accurate records with respect to Plaintiffs;

      g.      Whether Defendants should be enjoined from continuing the practices that violate the NYLL;

      h.      What the proper measure of damages sustained by the New York Class are; and

      i.      Whether Defendants' actions were "willful."

26.     The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

27. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the New York Class the wages to which they are entitled. The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of Defendants' practices.

28. Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23. The names and addresses of the New York Class are available from Defendants.

## INDIVIDUAL FACTUAL ALLEGATIONS

29. As outlined above, Defendants employed Plaintiff Jason McFadden from in or around April 2013 approximately through May 8, 2017.

30. As an employee of Defendants Plaintiff Jason McFadden was primarily responsible for the general upkeep of Radegast Hall.

31. Plaintiff Jason McFadden was also tasked with cleaning the premises.

32. Plaintiff Jason McFadden was also required to fix broken items on the premises.

33. At all times during employment, Defendants classified Plaintiff Jason McFadden as a non-exempt employee entitled to the protections of the FLSA and NYLL.

34. Defendants compensated Plaintiff Jason McFadden on an hourly basis.

35. During most weeks of employment, Defendants required Plaintiff Jason McFadden to work in excess of 40 hours per week.

36. By way of example, during a typical workweek, Plaintiff Jason McFadden generally worked a total of approximately 50 hours, based on the following work schedule:

    i. Tuesday, from 1 a.m. to 11 a.m. (i.e., 10 hours);

    ii. Wednesday, from 1 a.m. to 11 a.m. (i.e., 10 hours);

    iii. Thursday, from 1 a.m. to 11 a.m. (i.e., 10 hours);

    iv. Friday, from 1 a.m. to 11 a.m. (i.e., 10 hours); and

    v. Saturday, from 1 a.m. to 11 a.m. (i.e., 10 hours).

37. Defendants paid the regular wage rate, not time and one-half, for hours worked in excess of 40 per workweek.

38. Also, Plaintiff and his fellow employees were paid primarily in cash.

39. Plaintiff did not receive accurate wage statements from Defendant for the duration of his time as an employee working for Defendant.

## FIRST CAUSE OF ACTION
### (FLSA: Failure to Pay Overtime Compensation)

40. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

41. During the relevant time period, Plaintiffs and the members of the FLSA Collective Action worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

42. Despite the hours worked by Plaintiffs and the members of the FLSA Collective Action, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or

refused to pay Plaintiffs and the members of the FLSA Collective Action appropriate overtime compensation.

43. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

44. Plaintiffs and the members of the FLSA Collective Action seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (NYLL: Failure to Pay Overtime Compensation)

45. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

46. During the relevant time period, Plaintiffs and the members of the New York Class worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the NYLL, were not paid appropriate overtime compensation.

47. Despite the hours worked by Plaintiffs and the members of the New York Class, Defendants willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay them appropriate overtime compensation.

48. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

49. Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

///

## THIRD CAUSE OF ACTION
### (12 N.Y.C.R.R. § 142-2.4: Spread of Hours and Split Shifts)

50. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

51. At all relevant times, all Defendants are or were "employers" within the meaning of 12 N.Y.C.R.R. §§ 142.

52. At all relevant times, Plaintiffs are or were "employees" within the meaning of 12 N.Y.C.R.R. §§ 142.

53. At all relevant times, Plaintiffs are not or were <u>not</u> exempt from the provisions of 12 N.Y.C.R.R. §§ 142.

54. Defendants failed to compensate Plaintiffs the legally mandated spread of hours pay for days in which they worked in excess of ten (10) hours or had split shifts.

55. These practices were willful and lasted for the duration of the relevant time periods.

56. These practices are in violation of 12 N.Y.C.R.R. § 142-2.4.

## FOURTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Statements)

57. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

58. During the relevant time period, Defendants failed to furnish Plaintiffs and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

59.  Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiffs and the members of the New York Class for $250 per violation, for up to $5,000 per class member.

60.  In addition to statutory penalties, Plaintiffs and the members of the New York Class are entitled to recover from Defendants reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### (On Behalf of Plaintiff Jason McFadden)
### (NYLL: Retaliation)

61.  Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs, as if fully set forth herein.

62.  Mr. McFadden engaged in a protected activity in or around April 2017, by complaining to Defendants about Defendants' improper pay practices.

63.  Defendants took adverse action against Mr. McFadden by terminating his employment on or about May 8, 2017.

64.  There is a clear causal nexus between Mr. McFadden's protected activity and his termination.

65.  Accordingly, Defendants retaliated against Mr. McFadden for engaging in a protected activity in violation of NYLL § 215.

66.  Plaintiff McFadden is therefore entitled to an award of damages to compensate Plaintiff McFadden for all monetary and/or economic harm, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment; an award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff McFadden; and an award of punitive damages, each in amounts to be determined at trial, plus

pre- and post-judgment interest, as well as Plaintiff McFadden's reasonable attorneys' fees to the fullest extent permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the proposed FLSA Collective Action and New York Class, pray for the following relief:

A.  Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B.  A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA and New York Labor Law;

C.  That the Court determines that this action may proceed as a collective action pursuant to 29 U.S.C. § 216(b);

D.  That the Court determines that this action may proceed as a class action pursuant to Rule 23 the Federal Rules of Civil Procedure.

E.  An award to Plaintiffs for all damages which Plaintiffs have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

F.  An award to Plaintiffs of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

G.  An award to Plaintiffs of the amount of unpaid wages, including interest thereon, and penalties;

      H.     An award to Named Plaintiffs of all applicable statutory damages to which they are entitled;

      I.     An award to Plaintiffs of exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

      J.     An award to Plaintiffs for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and expert witness fees;

      K.     An award to Plaintiffs of pre-judgment and post-judgment interest, as provided by law; and

      L.     Any other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury as to all issues so triable.

Dated: August 30, 2017
      New York, New York           Respectfully submitted,

                                          THE OTTINGER FIRM, P.C.

                                By: _____
                                Benjamin D. Weisenberg
                                401 Park Avenue South
                                New York, New York 10016
                                Telephone: (212) 571-2000
                                Fax: (212) 571-0505
                                benjamin@ottingerlaw.com

                                *COUNSEL FOR PLAINTIFF AND THE PROPOSED CLASSES*