UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JASON MCFADDEN,

                Plaintiff,

    -against-                    **MEMORANDUM AND ORDER**
                                                               17 CV 5118 (CLP)
RADEGAST HALL LLC, *et al.*,

                Defendants.
------------------------------------------------------------X

POLLAK, United States Magistrate Judge:

      On August 30, 2017, plaintiff Jason McFadden ("plaintiff") commenced this action, individually and on behalf of other similarly situated employees, against defendants Radegast Hall LLC ("Radegast") and Ivan Kohut (together, "defendants"), seeking unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650 et seq. (Compl.[1] ¶ 1). The Complaint also alleges minimum wage and spread-of-hours violations under the NYLL and violations of the Wage Theft Prevention Act. (Id.) The parties have consented to the undersigned for all proceedings.

      On September 10, 2018, plaintiff filed his unopposed motion requesting that the Court approve the Settlement Agreement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct 824 (2016). On September 21, 2018, the Court held a fairness hearing on the parties' motion. For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

---

[1] Citations to "Compl." refer to plaintiffs' Complaint, filed on August 30, 2017.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff McFadden alleges that he was employed as an Overnight Porter by defendants from April 2013 until May 2017, cleaning bathrooms, cleaning tables, sweeping, and general upkeep of the premises. (Compl. ¶ 6; Ltr.[2] at 1). During the period of his employment with defendants, plaintiff claims that he regularly worked more than forty hours in a week and was not paid proper minimum wages or overtime wages for the hours worked over forty. (Compl. ¶ 41; Ltr. at 1). Plaintiff also alleges that he did not receive wage statements for the duration of his employment with defendants. (Compl. ¶ 39).

The parties propose to settle the case for a total of $68,000. (Ltr. at 2). Of that amount, plaintiff is to receive $25,000 in unpaid wages, $25,000 in alleged NYLL penalties, and $18,000 is to be paid toward plaintiff's attorneys' fees. (Id.; Sett. Agr.[3] at 1-2). For the reasons set forth below, the Court approves the settlement agreement as fair and reasonable.

DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be

---

[2] Citations to "Ltr." refer to plaintiff's letter, dated September 10, 2018.
[3] Citations to "Sett. Agr." refer to the Settlement Agreement and Release, dated September 10, 2018.

approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

2. Settlement Amount

   a. Damages Calculations

The parties propose a total settlement amount of $68,000. (Ltr. at 2). According to plaintiff's counsel, the parties engaged in settlement discussions early on in the litigation and were referred to mediation. (Id.) In reaching this settlement, plaintiff acknowledges that there were a number of contested factual issues that, depending on how they were resolved, could adversely affect his ability to recover. For example, plaintiff questioned the accuracy and completeness of the records defendants provided. (Id.) Moreover, defendants challenged plaintiff's ability to bring a class or collective action on behalf of other hourly employees because plaintiff was the only Overnight Porter they employed. (Id.) Defendants also challenged the hours worked by putative collective members, and dispute that they failed to pay each member overtime. (Id. at 3).

Plaintiff asserts that the settlement is fair and reasonable because plaintiff is obtaining more than 100% of what he would likely obtain at trial. (Id. at 3). Specifically, plaintiff asserts that defendants are willing to pay the full value of plaintiff's damages for an early resolution. (Id.) Plaintiff notes that this Agreement only applies to the named plaintiff, Mr. McFadden; it does not release any claims on behalf of other members of the class or collective. (Id. at 2). Plaintiff will receive $25,000 in unpaid wages claims and an additional $25,000 in NYLL record-keeping violations and liquidated damages. (Sett. Agr. at 1-2). According to plaintiff, calculating his damages is complicated by the fact that he is uncertain if defendants' records are complete and accurate. (Ltr. at 3). Given that the parties have exchanged all relevant records, engaged in arms-length negotiations over a period of time and with a mediator, and that there were numerous contested factual issues, plaintiff's counsel concludes that the amount received by plaintiff is fair and reasonable in light of the amount that he would likely receive at trial. (Id. at 3-4).

### b. Attorneys' Fees

As for the attorneys' fees of $18,000, plaintiff's counsel notes that this is significantly less than the one-third percentage often awarded in this district. (Id. at 4). Here, plaintiff's counsel's firm has spent approximately 110.46 hours of time on the matter, which results in a lodestar amount of $34,812.00 calculated at the firm's hourly rates. (Id. at 4-5). Thus, the firm is seeking to recover only a fraction of what it has actually billed in this case. This amount is more than fair and reasonable and is commensurate with awards of fees in this district for these types of cases. See Velasquez v. Digital Page, No. 11 CV 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016).

3. The Non-Disparagement Provision

The Settlement Agreement contains a non-disparagement clause that provides that plaintiff shall not make "any critical, derogatory, disparaging, defamatory or untruthful statements about the Defendants. . . ." (Sett. Agr. at 5). At the Fairness Hearing, the Court noted that the provision was not mutual, in that it only restricted plaintiff from disparaging defendants but did not have a similar restriction against disparaging comments from defendants. Although defendants' counsel assured the Court that defendants would not engage in such conduct and would provide a neutral reference if asked, the Court suggested to the parties that they revise the provision or submit an addendum to the Settlement Agreement to make the provision mutual.

Accordingly, on October 8, 2018, the parties submitted an Addendum to the Settlement Agreement, in which the parties made the non-disparagement provision mutual. (See 10/8/2018 Sett. Addendum[4]). Specifically, the Addendum added a provision providing that defendant Kohut "will not make, or cause to be made, any critical, derogatory, disparaging, defamatory or untruthful statements about Plaintiff." (Id. at 1). Given this revision to the Agreement, the Court finds the Settlement Agreement to be fair and reasonable.

CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms-length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the

---

[4] Citations to "10/8/2018 Sett. Addendum" refer to the Supplement Settlement Agreement and Release, filed by the parties on October 8, 2018.

5

litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (reviewing the relevant factors).

Having considered the various issues in dispute, the Court finds that the settlement amount is fair and reasonable and that the attorney's fees are also reasonable based on the contingency fee percentage supported by case law in this district, and the lodestar crosscheck.

The parties shall file a stipulation of dismissal with prejudice by **November 12, 2018**.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated:   Brooklyn, New York
        October 11, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York